ALICIA F. GOODWIN, Individually and as Executrix, etc.,
et al., Respondents, *v.* THOMAS O'BRIEN, Appellant.

*Supreme Court, First Department, General Term, July* 9, 1889.

1. *Principal and agent.    Liability.*—An agent whose principal are in
   the lunatic asylum, if he permits taxes to run and the penalties thereon
   to be imposed without the knowledge of his principal, and without
   any effort to pay the taxes when in funds, is liable for the whole
   amount of damages sustained thereby.

2. *Same.*—In an accounting by an agent, the provisions of section 2734 of
   the Code of Civil Procedure, in regard to the production of vouchers,
   have no application.

3. *Witnesses.    Credibility.*—A referee is not bound to give full faith and
   credit to all the claims of a party, especially where there are suspi-
   cious circumstances in reference to the evidence given to support
   them.

4. *Work, labor and services.*—Where, at the time services began, there
   was no expectation or intention, on the part of the person rendering
   them to charge for them, there is no ground upon which a recovery
   on a *quantum meruit* will lie, unless the relation has been changed
   and notice thereof given.

5. *Appeal.    Case.*—The opinion of the referee cannot be referred to to
   supply any deficiencies in his report, nor to furnish the grounds upon
   which his conclusions have been based.

Appeal from a judgment entered upon the report of a
referee.

*Roswell G. Hatch,* for appellant.

*Henry P. Starbuck,* for respondents.

VAN BRUNT, P. J.—This action was brought by the
present owners and representatives of former owners of
certain premises in the city of New York, against a former
agent who for some fourteen years from 1871 to 1885, had
charge of the premises, and collected the rents thereof.

An interlocutory judgment was entered upon the trial which directed that the defendant should account, and a referee was appointed to take and state his accounts. The referee reported that the defendant was indebted to the plaintiff in a certain amount, and from the final judgment thereupon entered, this appeal is taken.

The grounds upon which this appeal is based are that it was error on the part of the referee to refuse to allow to the defendant certain credits for disbursements which he had made, and for which he had produced no vouchers, and that it was also error to refuse any compensation to the agent for his fourteen years of service, and that the defendant should have been allowed the interest on payment of taxes made by him, and also for certain payments shown to have been made for the benefit of Mrs. Alice Goodwin, who had a life estate in two-thirds of the premises. It is impossible, in view of the method in which the record has been made upon this case, for the court to determine from the referee's report as to what items of the account rendered by the defendant upon the hearing before the referee have been allowed, and what disallowed, for the referee has simply found that the defendant should be charged with a gross sum, namely $9,440, and that he should be credited with three sums aggregating $6,252.37.

There seem to have been no requests to find the specific items, or to state the account in a more detailed manner, by the defendant. It is sought, however, by reference to the referee's opinion to point out some of the objections which have been made to the referee's report, and to the rules which guided him in reaching the determination at which he has arrived.

It is a well settled rule that the opinion cannot be referred to for the purpose of supplying deficiencies which exist in the referee's report, nor for furnishing the grounds upon which the conclusions of the referee have been based. Therefore, although the learned referee has likened the

account of the defendant in this case to that of an executor or testamentary trustee, and has suggested that the same rule in respect to the production of vouchers, should be applied as is provided by statute in the case mentioned, yet we have no evidence from the report itself or the proceedings in the case that the referee has applied this rule, even if it should be erroneous.

It seems to us clear that, in an accounting by an agent, the provision of the statute in regard to the production of vouchers has no application. That the defendant was simply an agent for the parties in interest seems to be manifest, as the very power which he exercised was evidenced by a power of attorney, and he occupied no trust relation towards the property in question, or towards the owners of such property, and only that fiduciary relation existed which always exists beween principal and agent. Therefore the provisions of the Code having no application, the penalties imposed on executors and trustees for failure to secure and exhibit vouchers, do not seem to have any relevancy to the case at bar.

The referee was bound to allow all payments which had been satisfactorily proven to have been made by the defendant.

It appears from the evidence in the case, that the defendant testified that he had had vouchers for every item of expense but had lost many of them in the course of a long term of years, during which he had had charge of the property. He also produced a book which he swore was a book of original entry kept by him, in which the various disbursements were entered at, and when they were made.

It appeared, however, by the evidence that such was not strictly the fact. On the contrary, it appeared from the book itself, and from the manner in which the entries were made, that this claim was probably unfounded. It appeared also that some of these entries may have been made, not from personal knowledge, but from information derived from

others who had been in charge of the property during the defendant's absence. It further appears that there were other suspicious circumstances in reference to the evidence offered on the part of the defendant, which, in some degree, impaired his credibility. Under these circumstances, the referee was not bound to believe the evidence on the part of the defendant, and base a finding thereon ; and having the witness before him, and having had the benefit of observing his manner of testifying and his conduct on the stand, and having come to the conclusion that he was untrustworthy, we cannot say that any error was committed by the learned referee in not giving full faith and credit to all the claims which he made in respect to this property, particularly in view of the remarkable circumstances which were developed on the trial in reference to the defendant's conduct.

It is further claimed upon the part of the defendant, that it was a gross injustice to refuse any compensation to him for fourteen years of service. It is plainly apparent that this claim for services was an afterthought upon the part of the defendant. It appears from the evidence that, at the time at which the defendant was given the charge of this property, that it was not contemplated by either party that he should charge, or be paid for his services.

Under these circumstances, unless something arose by which the relation between the parties was changed and the owners of the property were made acquainted with the expectation and intention of the defendant to charge for his services, there seems to be no ground upon which a recovery for a *quantum meruit* can lie. It appears from the testimony of the defendant himself, that he took charge of this property for the purpose of aiding his wife's relations, and that he assiduously, for some period of time thereafter, devoted himself to this object, and succeeded.

In further appears that no claim whatever was made for any services rendered until very shortly before the termina-

tion of his relations with his property, and it also appears that in 1884 and 1885, after the alleged indebtedness had accrued, the defendant paid to Miss Goodwin, one of the plaintiffs, the whole rental of the premises. Under these circumstances, it would not be possible to have sustained a finding that there was any implied obligation to pay, in the absence of an express contract, because the whole circumstances attending the commencement of the relation of the parties showed that there was no expectation of paying and no intention to make a charge.

The referee, therefore, in holding that no recovery could be had upon a *quantum meruit* for the services rendered, seems to have decided according to the facts and to have committed no error.

The objection that it was error to disallow certain interest paid by the defendant on the 16th of December, 1881, on the taxes for the year 1872, cannot be sustained. We find from the evidence in this case that the beneficiaries for whom the defendant was acting were in a lunatic asylum and incapable of taking care of their own interests. In view of this circumstance, it cannot be said that the defendant performed his whole duty, even if he had paid the money received for the rents over to his beneficiaries.

It is impossible, upon an examination of these accounts, for us to say, with any degree of certainty, whether the defendant was or was not in funds at the time these taxes became due. But it is clear, from the statement of the accounts, that he had received the money within a very short period thereafter with which he might have paid them, and to allow these taxes to run and the penalties thereon to be imposed without the knowledge of his principals and without making any effort to pay the tax, was certainly gross negligence and gross dereliction of duty.

He had the funds, and it was his duty to apply the same towards the keeping down of the annual charges, before he

handed over to his principals the income of the property. They had the right to assume that the income received by them was the income after the payment of all the charges which had been levied against the property.

It is urged, that the only penalty which should be incurred was the legal interest upon the money, even if the defendant had had the money in his possession and had neglected and refused to pay these charges. This, it seems to us, would be an entirely inadequate compensation for the damage which the defendant has inflicted upon the owners of this estate by reason of his neglect of duty.

He is responsible to them for the whole amount of the damages which they have sustained by reason of his unlawful refusal to perform the duty which his position towards the owners of the property imposed upon him. Therefore, the referee was right in charging the defendant with this amount of interest, he having caused this damage to the owners of the property by reason of his neglect to discharge the obligations which he had undertaken to perform.

The objections in regard to the disallowance of amounts shown to have been paid for the benefit of Mrs. Alice Goodwin cannot be sustained for the reason that we are unable to determine as to what sums were allowed and what disallowed.

The evidence in regard to the payment of these sums is of the most unsatisfactory and suspicious character. There is nothing but vague generalization, upon which it is impossible to hinge any finding of fact.

It would appear from the evidence that the defendant had for some years, at least, prior to the termination of his agency, utterly failed to fulfill the obligations which he had taken upon himself, and had utterly neglected his duty to the unfortunate women whose property he was seeking to administer, and if he is now compelled to make good that

which has been lost by his neglect, certainly no injustice has been done.

The judgment should be affirmed with costs.

DANIELS and BARRETT, JJ. concur.